1

2

3

4                               UNITED STATES DISTRICT COURT

5                                     DISTRICT OF NEVADA

6    JOEL BURKETT,                              3:13-cv-00300-MMD-WGC

7                           Plaintiff,          **ORDER**

8          v.                                   Re: Doc. # 20

9    RENE BAKER, et. al.,

10                          Defendants.

11         Before the court is Plaintiff's Motion to Strike. (Doc. # 20.)[1] Defendants have filed a

12   response (Doc. # 21) and Plaintiff filed a reply (Doc. # 22).

13                                    **I. BACKGROUND**

14         At all relevant times, Plaintiff Joel Burkett was in custody of the Nevada Department of

15   Corrections (NDOC). (Pl.'s Compl., Doc. # 4.) Plaintiff, a pro se litigant, brings this action

16   pursuant to 42 U.S.C. §  1983. (*Id.*) The events giving rise to this action took place while

17   Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are ESP Warden Rene Baker,

18   NDOC Director Greg Cox, and NDOC Deputy Director Endel McDaniel. (*Id.*)

19         On screening, Plaintiff was allowed to proceed with a single claim for due process based

20   on his continued classification as a high risk potential (HRP) and indeterminate confinement in

21   close housing at ESP. (Screening Order, Doc. # 3.)

22         Defendants have filed a motion for summary judgment, which the court is addressing via

23   separate report and recommendation. (Doc. # 15.) Plaintiff moves to strike Exhibits A and F,

24   filed by Defendants in support of their motion for summary judgment. (Doc. # 18.) Specifically,

25   he contends that they contain the statements" Burkett stabbed a inmate in New Mexico" and a

26   "cigarette kingpin", which he contends constitute inadmissible hearsay. (*Id.*)

27

28   _____

         [1] Refers to court's docket number.

1    Defendants point out that Exhibit A to their motion is a true and correct copy of a NOTIS
2    Case Note Report, and Exhibit F contains true and correct copies of HRP classification status
3    forms. (Doc. # 21 at 1.) Defendants argue that Plaintiff cites no authority or analysis as to why
4    Exhibits A and F contain inadmissible hearsay. (*Id*. at 2.) They cite Federal Rule of Evidence
5    801(c), which provides that hearsay is a statement "other than one made by the declarant while
6    testifying at the trial or hearing, offered in evidence **to prove the truth of the matter asserted**."
7    (*Id*. (emphasis original in Defendants' brief).) They maintain that the statements pointed to by
8    Plaintiff are not offered to prove that Plaintiff stabbed an inmate in New Mexico or that he was a
9    "cigarette kingpin." (*Id*.) Instead, they are offered to show that Plaintiff received due process and
10   to demonstrate the reasons justifying his continued placement on HRP status. (*Id*. at 3.) They
11   further argue that the documents come within the business records exception to the hearsay rule.
12   (*Id*.)

13   In his reply, Plaintiff asserts that Defendants attempt to use these statements for an
14   impermissible purpose, and do seek to utilize the statements to prove the truth of the matters
15   asserted. (Doc. # 22 at 2-3.)

16   **II. LEGAL STANDARD**

17   While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike
18   "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize
19   the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P.
20   12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v.*
21   *AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly
22   and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This
23   includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*,
24   627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862
25   F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is
26   indispensable to the court's ability to enforce its orders, manage its docket, and regulate
27   insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010
28   WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

### III. DISCUSSION

Defendants are correct that a statement is not hearsay if it is not offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(2). The court agrees with Defendants that these statements were not offered to prove that Plaintiff stabbed an inmate in Mexico or that he was a "cigarette kingpin." Instead, they are offered to substantiate the decision to keep Plaintiff on HRP status. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 25, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE